**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| **YAYAH TALIB,** | ) |
| | ) |
| **Petitioner,** | ) |
| | ) |
| **vs.** | )   **Case No. 23-CV-458-SMY** |
| | ) |
| **MERRICK GRALAND et al.,** | ) |
| | ) |
| **Respondents.** | ) |

**MEMORANDUM AND ORDER**

**YANDLE, District Judge:**

Petitioner Yayah Talib filed this habeas corpus action under 28 U.S.C. § 2241 to challenge the application of a predicate offense that resulted in a sentencing enhancement.  For the following reasons, the Petition is **DISMISSED**.

**Factual and Procedural Background**

Talib was convicted after a jury trial for conspiring to distribute heroin in violation of 21 U.S.C. §§841(b)(1)(C) and 846 (Count 1) and conspiring to provide and possess heroin in prison (Count 2) in violation of 18 U.S.C. §371 (*United States v. Yayah Talib*, Case No. 7-CR-0003-JPJ (W.D. Va.) ("Criminal Case"), Doc. 291).  In March 2008, he was sentenced to 262 months imprisonment, consisting of 240 months on Count 1 and 60 months on Count 2, to run partially consecutive (Criminal Case, Docs. 366, 370).  Talib was categorized as a career offender under U.S.S.G. §4B1.1 based on three prior convictions: a 1989 conviction for burglary; a 1997 conviction for unlawful delivery of a non-controlled substance; and a 2000 carjacking conviction. *United States v. Talib*, 347 F.App'x 934, 940 (4th Cir. 2009).

Talib has filed numerous post-conviction motions challenging his sentence.  In June 2010, he filed a motion under 28 U.S.C. §2255 asserting a claim for ineffective assistance of counsel

(Criminal Case, Doc. 447).   The district court denied that §2255 motion on April 18, 2011 (Criminal Case, Docs. 474, 475).   Talib appealed the denial, and the Fourth Circuit Court of Appeals dismissed the appeal in October 2011 (Criminal Case, Doc. 482).

In June 2016, Talib was granted authorization to file a second §2255 motion (Criminal Case, Doc. 493).   In the motion, he argued that imposing an increased sentence under the residual clause of the Armed Career Criminal Act violated his Constitutional guarantee of due process. (Criminal Case, Doc. 494; see United States v. Johnson, 135 S.Ct. 2551 (2015).   Talib ultimately voluntarily dismissed the motion (Criminal Case, Docs. 505, 506).

Talib then filed a habeas action pursuant to 28 U.S.C. §2241 in 2021, challenging his designation and sentence as a career offender.   He argued that after *Mathis v. United States*, 136 S.Ct. 2243 (2016), his prior burglary conviction no longer qualified as a predicate for purposes of the career offender enhancement under U.S.S.G. §4B1.1.   Upon preliminary review under Rule 4 of the Federal Rules governing §2254 cases in United States District Court, the district court dismissed the Petition on December 8, 2021.

In the instant action, Talib again seeks to challenge his designation and sentence as a career offender under 28 U.S.C. §2241 (Doc. 1).   He requests that his sentence be vacated and reimposed without any career criminal enhancements.

<u>**Discussion**</u>

This case is now before the Court for a preliminary review of the Petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in United States District Courts, which provides that upon preliminary review, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and

direct the clerk to notify the petitioner." Rule 1(b) gives this Court the authority to apply the rules to other habeas corpus cases, including actions filed pursuant to 28 U.S.C. § 2241.

A prisoner who has been convicted in federal court is generally limited to challenging his conviction and sentence to bringing a motion pursuant to 28 U.S.C. § 2255 in the court which sentenced him. See, *Kramer v. Olson*, 347 F.3d 214, 217 (7th Cir. 2003).  Until recently, the law of this Circuit permitted petitioners to employ 28 U.S.C. § 2241 to challenge their conviction and sentence via a "savings clause" in 28 U.S.C. § 2255(e).  *In re Davenport,* 147 F.3d 605, 610-11 (7th Cir. 1998).  However, the Supreme Court recently closed the door on that possibility, holding that "the saving clause does not authorize such an end-run [on § 2255]" and that § 2241 may only be employed "in cases where unusual circumstances make it impossible or impracticable to seek relief in the sentencing court, as well as for challenges to detention other than collateral attacks on a sentence."  See, *Jones v. Hendrix*, 599 U.S. _____ (2023), No. 21-857, slip op. at pp. 9-11 (Sup. Ct. June 22, 2023).

Because Talib presents no circumstances that made it impossible or impracticable for him to seek relief in the sentencing court (as he did seek relief in the sentencing court and on appeal) nor any challenge other than a collateral attack on his sentencing, his Petition will be dismissed.

### Disposition

Petitioner Yayah Talib's 28 U.S.C. § 2241 Petition is **DISMISSED** with prejudice.  All pending motions are **TERMINATED AS MOOT**.  The Clerk is **DIRECTED** to close this case and enter judgment accordingly.

It is not necessary for Talib to obtain a certificate of appealability from this disposition of his § 2241 Petition. *Walker v. O'Brien,* 216 F.3d 626, 638 (7th Cir. 2000).  If Petitioner wishes to appeal this dismissal, he may file a notice of appeal with this court within the appropriate time

period for his case, as provided in Federal Rule of Appellate Procedure 4(a). A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the appeal deadline. A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of the judgment; this deadline cannot be extended.

A motion for leave to appeal *in forma pauperis* ("IFP") should set forth the issues Petitioner plans to present on appeal. *See* FED. R. APP. P. 24(a)(1)(C).  If Petitioner does choose to appeal and is allowed to proceed IFP, he may be required to pre-pay a portion of the $505.00 appellate filing fee, commensurate with his ability to pay.  *Walker v. O'Brien,* 216 F.3d 626, 638 n.5 (7th Cir. 2000); FED. R. APP. P. 3(e).

**IT IS SO ORDERED.**

**DATED:  July 14, 2023**

**STACI M. YANDLE**
**United States District Judge**